**Slip Op. 99-43**

# UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE:  SENIOR JUDGE NICHOLAS TSOUCALAS

|  |  |
|---|---|
| SKF USA INC. and SKF INDUSTRIE S.p.A., | : |
|  | : |
| Plaintiffs, | : |
|  | : Consolidated Court No. |
| v. | : 97-01-00054-S1 |
|  | : |
| UNITED STATES, | : |
|  | : |
| Defendant, | : |
|  | : |
| THE TORRINGTON COMPANY, | : |
|  | : |
| Defendant-Intervenor. | : |

Plaintiffs, SKF USA Inc. and SKF Industrie S.p.A. (collectively "SKF"), move for judgment on the agency record pursuant to Rule 56.2 of the Rules of this Court. Plaintiffs challenge certain aspects of the Department of Commerce, International Trade Administration's ("Commerce") final results, entitled <u>Antifriction Bearings (Other Than Tapered Roller Bearings) and Parts Thereof From France, Germany, Italy, Japan, Singapore, Sweden, and the United Kingdom; Final Results of Antidumping Duty Administrative Reviews and Partial Termination of Administrative Reviews</u>, 61 Fed. Reg. 66,472 (Dec. 17, 1996).

SKF claims that Commerce erroneously included in its dumping margin calculations SKF's zero-value U.S. transactions involving samples.

**Held:** This case is remanded to Commerce to exclude from SKF's U.S. sales database samples for which SKF received no consideration. Commerce's final determinations are sustained in all other respects.

Dated: May 13, 1999

Steptoe & Johnson (Herbert C. Shelley and Alice A. Kipel) for plaintiffs, SKF USA Inc. and SKF Industrie S.p.A.

David W. Ogden, Acting Assistant Attorney General; David M. Cohen, Director, Commercial Litigation Branch, Civil Division, U.S. Department of Justice (Velta A. Melnbrencis, Assistant Director); of counsel: Mark A. Barnett, Attorney-Advisor, Office of Chief Counsel for Import Administration, U.S. Department of Commerce, for defendant.

Stewart and Stewart (Terence P. Stewart, Wesley K. Caine, Geert De Prest and Lane S. Hurewitz for defendant-intervenor, The Torrington Company.

## OPINION

**TSOUCALAS, Senior Judge:** Plaintiffs, SKF USA Inc. and SKF Industrie S.p.A. (collectively "SKF"), move for judgment on the agency record pursuant to Rule 56.2 of the Rules of this Court. Plaintiffs challenge certain aspects of the Department of Commerce, International Trade Administration's ("Commerce") final results, entitled Antifriction Bearings (Other Than Tapered Roller Bearings) and Parts Thereof From France, Germany, Italy, Japan, Singapore, Sweden, and the United Kingdom; Final Results of Antidumping Duty Administrative Reviews and Partial Termination of Administrative Reviews, 61 Fed. Reg. 66,472 (Dec. 17, 1996) ("Final Results").

Specifically, SKF claims[1] that Commerce erroneously included sample transactions in SKF's U.S. sales database when calculating its dumping margin. SKF requests a remand so that sample transactions could be excluded from Commerce's calculations. Further, SKF argues that Commerce should be ordered to refund any antidumping duty overpayment assessed due to the inclusion of samples in SKF's U.S. sales database.

Background

This case deals with shipments of antifriction bearings ("AFBs") from Italy sold in the United States during the period from May 1, 1993, through April 30, 1994.[2] Commerce published the preliminary results of the subject review on December 7, 1995. See

---

[1] Initially, when filing this suit, SKF also challenged Commerce's treatment of certain allocated home market billing expenses. In particular, SKF challenged Commerce's method of calculating SKF's home market sales by accepting positive billing adjustments, increasing the dumping margin, while rejecting the corresponding negative adjustments, which would have decreased SKF's margin. In light of SKF's challenge of Commerce's determination in another case involving the same issue, SKF is not pursuing this claim in the instant matter involving antifriction bearings from Italy. Pl.'s Mem. Supp. Mot. J. Agency R. at 8. Accordingly, SKF's challenge of the billing adjustment is dismissed and Commerce is affirmed in this respect.

[2] The review at issue was initiated prior to January 1, 1995. Consequently, the applicable law is the antidumping statute as it existed prior to the amendments made by the Uruguay Round Agreements Act, Pub. L. No. 103-465, 108 Stat. 4809 (1994). See Torrington Co. v. United States, 68 F.3d 1347, 1352 (Fed. Cir. 1995).

<u>Antifriction Bearings (Other Than Tapered Roller Bearings) and</u> <u>Parts Thereof From France, Germany, Japan, Singapore, Sweden,</u> <u>Thailand, and the United Kingdom; Preliminary Results of</u> <u>Antidumping Duty Administrative Reviews, Partial Termination of</u> <u>Administrative Reviews, and Notice of Intent to Revoke Order</u>, 60 Fed. Reg. 62,817 (Dec. 7, 1995). On December 17, 1996, Commerce published the Final Results. <u>See</u> 61 Fed. Reg. 66,472.

## Discussion

The Court has jurisdiction over this matter under 19 U.S.C. § 1516a(a)(2) (1994) and 28 U.S.C. § 1581(c) (1994).

The Court must uphold Commerce's final determination unless it is "unsupported by substantial evidence on the record, or otherwise not in accordance with law."  19 U.S.C. § 1516a(b)(1)(B). Substantial evidence is "more than a mere scintilla.  It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  <u>Universal Camera Corp. v. NLRB</u>, 340 U.S. 474, 477 (1951) (quoting <u>Consolidated Edison Co. v. NLRB</u>, 305 U.S. 197, 229 (1938)).  " It is not within the Court's domain either to weigh the adequate quality or quantity of the evidence for sufficiency or to reject a finding on grounds of a differing interpretation of the record." <u>Timken Co. v. United States</u>, 12 CIT 955, 962, 699 F. Supp. 300, 306 (1988), <u>aff'd</u>, 894 F.2d 385 (Fed. Cir. 1990).

A.    Transactions Not Supported by Consideration

SKF argues that this case should be remanded to Commerce with instructions pursuant to NSK Ltd. v. United States, 115 F.3d 965 (Fed. Cir. 1997), to exclude SKF's zero-value U.S. transactions from the dumping margin calculations.  Pl.'s Mem. Supp. Mot. J. Agency R. at 5.

Commerce agrees a remand under NSK is proper and that it should exclude sample transactions for which no consideration was given in its computation of SKF's U.S. sales.  Def.'s Partial Opp'n to Mot. J. Agency R. at 2.

Torrington argues that SKF failed to demonstrate that the transactions in question lacked "consideration" as defined by NSK. Torrington's Opp'n to Mot. J. Agency R. at 5, 7.  In the alternative, Torrington argues SKF failed to provide sufficient record evidence to demonstrate that the "sample" transactions were in fact made outside the "ordinary course of trade," as required by statute.  Id. at 10.  Therefore, Torrington argues that Commerce should be affirmed or that the matter should be remanded to Commerce to obtain additional data regarding the U.S. sample transactions.  Id.

Commerce is required to impose antidumping duties upon merchandise that "is being, or is likely to be, <u>sold</u> in the United States at less than its fair value."  19 U.S.C. § 1673(1) (1988) (emphasis added).  A sale requires both a transfer of ownership to an unrelated party and consideration.  <u>NSK</u>, 115 F.3d at 975.  In other words, a transaction that involves no consideration is not a sale.  Therefore, the distribution of AFBs for no consideration falls outside the purview of 19 U.S.C. § 1673.  Consequently, the Court remands to Commerce to exclude from SKF's U.S. sales database those transactions that were not supported by consideration, and to adjust the dumping margins accordingly.

B.    <u>Refund of Excess Duty</u>

Commerce calculates an antidumping duty by comparing an imported product's price in the United States to the foreign market value ("FMV") of comparable merchandise.  The antidumping duty is the amount by which the merchandise's FMV exceeds its United States Price ("USP").  <u>See, e.g.</u>, <u>Asociacion Colombiana de Exportadores de Flores v. United States</u>, 22 CIT __, __, 6 F. Supp.2d 865, 872 (1998); 19 U.S.C. § 1673.

In this case, Commerce agreed to a remand so that it could exclude from SKF's U.S. sales database those transactions for which SKF received no consideration.  Upon exclusion of these transactions from the USP calculations, Commerce will recalculate

the dumping margins accordingly.

SKF requests that this Court order Commerce to refund the amount of estimated antidumping duty deposits collected in excess of the lawful amount, with interest.  See SKF's Proposed Order at 2.  Although Commerce has agreed to recalculate the dumping margins on remand by excluding U.S. zero-priced transactions from SKF's U.S. sales figures,  Commerce maintains that it lacks the authority to refund the excess duty deposits as requested by SKF.  Def.'s Partial Opp'n to Mot. J. Agency R. at 2.

This Court agrees with Commerce.  By statute, it is the Customs Service that has the authority to "collect any increased or additional duties due or refund any excess of duties deposited as determined on a liquidation[3] or reliquidation."  19 U.S.C. § 1505(b).  Commerce is only authorized to determine the dumping margin for each entry reviewed and to issue liquidation instructions to the Customs Service containing the amounts of antidumping duties due or rates at which antidumping duties should be assessed upon entries of merchandise covered by an administrative review.  19 U.S.C. § 1675(a).  Consequently, this Court's remand to Commerce to exclude zero-priced transactions from

---

[3] Liquidation is the "final computation of ascertainment of the duties or drawback accruing on an entry" of merchandise.  19 C.F.R. § 159.1 (1998).

SKF's U.S. sales database ensures all the relief to which SKF is entitled in accordance with this opinion.

## Conclusion

The Court remands this case to Commerce to exclude transactions for which SKF received no consideration from the margin calculations.  Commerce is affirmed in all other respects.

_____
NICHOLAS TSOUCALAS
SENIOR JUDGE

Dated: May 13, 1999
       New York, New York